UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:03-cr-168 -01 |
| | ) | Judge Edgar |
| | ) | |
| HAL M. ATCHLEY | ) | |

### MEMORANDUM AND ORDER

This Court imposed sentence and entered the judgment of conviction against Hal M. Atchley ("Atchley") on December 6, 2004. [Doc. No. 123]. Atchley took a direct appeal to the Court of Appeals for the Sixth Circuit. The Sixth Circuit affirmed the judgment of conviction and dismissed the appeal. Atchley filed a petition for writ of certiorari to the Supreme Court of the United States which was denied on May 21, 2007. *United States v. Atchley*, 474 F.3d 840 (6th Cir.), *cert. denied*, 127 S.Ct. 2477, 167 L.Ed.2d 1145 (2007). Atchley has exhausted his direct appeals and the judgment of conviction is final.

Atchley next filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. [Doc. No. 152]. The § 2255 motion is currently pending before this Court.

On August 13, 2008, federal prisoner Atchley made a separate *pro se* motion to modify and reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive application of Amendments 506 and 709 to the United States Sentencing Guidelines. [Doc. No. 164]. The United States government opposes the motion. [Doc. No. 167].

Atchley has also filed an addendum to his motion. [Doc. No. 168]. In the addendum,

1

Atchley requests that counsel be appointed to represent him pursuant to 18 U.S.C. § 3006(A). He requests that the Court take judicial notice of the alleged excessive term of supervised release imposed, and he seeks to have the term of supervised release reduced under 18 U.S.C. § 3582(c)(2).

After reviewing the record, the Court concludes that Atchley's motion, as amended, to reduce his sentence of imprisonment and supervised release pursuant to 18 U.S.C. § 3582(c)(2) is without merit and must be denied for the reasons expressed by the government in its response. [Doc. No. 167]. It is unnecessary to appoint counsel to represent Atchley with regard to his § 3582(c)(2) motion.

## I.     Amendment 506

Atchley's reliance on Amendment 506 fails. Atchley cannot obtain any relief pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 506 to the Sentencing Guidelines. Although Amendment 506 is listed by the Sentencing Commission in U.S.S.G. § 1B1.10(c) as being retroactive, the United States Supreme Court and the Sixth Circuit Court of Appeals have held that Amendment 506 is invalid. *United States v. LaBonte*, 520 U.S. 751 (1997); *United States v. Branham*, 97 F.3d 835 (6th Cir. 1996); *see also United States v. Mayo*, 221 F.3d 1336 (Table, text in 2000 WL 875897 (June 20, 2000); *United States v. Pargen*, 181 F.3d 105 (Table, text in 1999 WL 282675 (April 29, 1999); *United States v. Colvin*, 134 F.3d 372 (Table, text in 1997 WL 809886 (Dec. 15, 1997); *United States v. Monk*, 129 F.3d 1266 (Table, text in 1997 WL 685358 (Oct. 29, 1997); *United States v. Roberts*, 124 F.3d 201 (Table, text in 1997 WL 584267 (Sept. 19, 1997); *United States v. Lee*, 114 F.3d 1189 (Table, text in 1997 WL 311468 (June 9, 1997); *United States v. Rhodes*, 108 F.3d 1378 (Table, text in 1997 WL 123754 (March 18, 1997).

## II.    Amendment 709

The Court has no authority to modify and reduce Atchley's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 709 to the Sentencing Guidelines. Amendment 709 is not listed in U.S.S.G. § 1B1.10(c) as being retroactive. This Court is authorized to modify and reduce a sentence under 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines only if that specific amendment is listed in U.S.S.G. § 1B1.10(c) as being retroactive. *United States v. Jackson*, 108 Fed. Appx. 338 (6th Cir. 2004); *Clemons v. United States*, 102 Fed. Appx. 933, 935 (6th Cir. 2004); *United States v. Jones*, 96 Fed. Appx. 976 (6th Cir. 2004); *United States v. Dullen*, 15 F.3d 68, 69-70 (6th Cir. 1994). Because Amendment 709 is not listed in U.S.S.G. § 1B1.10(c) as being retroactive, Amendment 709 does not provide any basis for modifying and reducing Atchley's sentence pursuant to 18 U.S.C. § 3582(c)(2).

Other courts that have addressed this issue have reached the same conclusion that Amendment 709 cannot be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2). *See e.g. United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008);*United States v. Abusiad*, 2008 WL 4483422, * 2 (11th Cir. Oct. 6, 2008); *United States v. Godin*, 522 F.3d 133, 135 (1st Cir. 2008); *Starks v. United States*, 2008 WL 4814264 (M.D. Tenn. Oct. 31, 2008); *United States v. Bennett*, 2008 WL 4646181 (S.D. Tex. Oct. 20, 2008); *United States v. Chavez*, 2008 WL 4449900 (S.D. Tex. Sept. 30, 2008); *Cantu v. United States*, 2008 WL 2397629 (W.D. Mich. June 11, 2008); *Green v. United States*, 2008 WL 2357731 (E.D. Mich. June 10, 2008); *United States v. Driver*, 2008 WL 833127 (N.D. Ind. March 27, 2008); *Anthony v. United States*, 2008 WL 440446 (N.D. Ohio Feb. 13, 2008). This Court agrees with and follows this line of case law.

Atchley argues that Amendment 709 should be applied retroactively on the theory that it is a clarifying amendment. This Court expresses no opinion here whether Amendment 709 is a

3

clarifying amendment or a substantive amendment. It is not necessary for this Court to reach this question. This Court notes, however, some federal courts hold that Amendment 709 is a substantive amendment and not a clarifying amendment, therefore, it cannot be applied retroactively. *United States v. Marler*, 527 F.3d 874, 878 n.1 (9th Cir. 2008); *United States v. Wood*, 526 F.3d 82 (3rd Cir. 2008); *Cantu*, 2008 WL 2397629, at * 2.

Even if we assume for the sake of discussion that Amendment 709 is a clarifying amendment as argued by Atchley, there is not a valid basis to grant any relief to modify and reduce Atchley's sentence pursuant to 18 U.S.C. § 3582(c)(2). An amendment to the Sentencing Guidelines is "clarifying" if it changes nothing concerning the substantive legal effect of the sentencing guidelines, but merely clarifies what the Sentencing Commission deems the guidelines to have already meant. *United States v. Geerken*, 506 F.3d 461, 465 (6th Cir. 2007).

A clarifying amendment can be applied retroactively in four possible situations: (1) the criminal case is before the District Court for original sentencing; (2) the case is pending on direct appeal from the judgment of conviction and sentence; (3) the clarifying amendment is listed in U.S.S.G. § 1B1.10(c) as retroactive and may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2); or (4) a federal prisoner brings a motion under 28 U.S.C. § 2255 seeking relief based on the clarifying amendment. U.S.S.G. § 1B1.11(b)(2); *Geerken*, 506 F.3d at 464-66; *United States v. DeCarlo*, 434 F.3d 447, 458-59 (6th Cir. 2006); *United States v. Borazanian*, 148 Fed. Appx. 352, 354 (6th Cir. 2005); *Rivera v. Warden, FCI, Elkton*, 27 Fed. Appx. 511, 514-15 (6th Cir. 2001); *Jones v. United States*, 161 F.3d 397 (6th Cir. 1998), *opinion amended and superseded in part by* 178 F.3d 790 (6th Cir. 1999); *United States v. Williams*, 940 F.2d 176, 182 (6th Cir. 1991); *United States v. McKibben*, 2003 WL 21960505, * 2 (E.D. Tenn. Aug. 11, 2003).

4

None of these four situations exist here in Atchley's case. Atchley's case is not presently before this District Court at the stage of original sentencing. Moreover, this case is not currently pending on direct appeal from the judgment of conviction and sentence.

Atchley has chosen to raise and present his claim for a retroactive application of Amendment 709 in the form of a motion brought pursuant to 18 U.S.C. § 3582(c)(2). Atchley cannot obtain a modification and reduction of his sentence of imprisonment under 18 U.S.C. § 3582(c)(2) because Amendment 709 is not listed by the Sentencing Commission in U.S.S.G. § 1B1.10(c) as being retroactive. When a clarifying amendment to the Sentencing Guidelines results in a lower guideline range, a federal prisoner can make a motion under 18 U.S.C. § 3582(c)(2) for modification of sentence but only if the particular clarifying amendment is explicitly made retroactive by the Sentencing Commission by being listed in U.S.S.G. § 1B1.10(c). *Clemons*, 102 Fed. Appx. at 935; *Rivera*, 27 Fed. Appx. at 514-15; *McKibben*, 2003 WL 21960505, at * 2.

Although Atchley has made a separate motion under 28 U.S.C. § 2255 for collateral post-conviction relief, Atchley does not present his claim for a retroactive application of Amendment 709 in the context of his 28 U.S.C. § 2255 proceeding. Rather, Atchley only presents his claim for a retroactive application of Amendment 709 in his 18 U.S.C. § 3582(c)(2) motion. This he cannot do. At this juncture, the only possible avenue for Atchley to raise and pursue his claim for a retroactive application of Amendment 709 is in a 28 U.S.C. § 2255 proceeding. He cannot obtain any relief pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 709.

This Court expresses no opinion here whether Atchley could ever successfully make a claim for a retroactive application of Amendment 709 in a 28 U.S.C. § 2255 proceeding. This question is not before the Court today. The Court observes, however, that if Amendment 709 is a substantive

5

amendment and not a clarifying amendment as applied to Atchley's case, then Amendment 709 could not be applied retroactively to provide post-conviction relief in a 28 U.S.C. § 2255 proceeding. *Cantu*, 2008 WL 2397629, at * 2.

Accordingly, Atchley's motion [Doc. No. 164] to modify and reduce his sentence of imprisonment and supervised release pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. The request for appointment of counsel [Doc. No. 168] is **DENIED**.

SO ORDERED.

ENTER this the 13th day of November, 2008.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE