UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HAL M. ATCHLEY | ) | |
| | ) | |
| v. | ) | 1:08-cv-17\1:03-cr-168 |
| | ) | *Judge Edgar* |
| UNITED STATES OF AMERICA | ) | |

## <u>MEMORANDUM</u>

Hal M. Atchley ("Atchley"), has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 152).[1] Atchley contends he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

The motion, together with the files and record in this case, conclusively show Atchley is entitled to no relief under 28 U.S.C. § 2255. For the reasons which follow, the Court has determined an evidentiary hearing is not necessary and concludes that Atchley's § 2255 motion lacks merit and will be **DENIED** (Criminal Court File No. 152).

## I.      Non-Dispositive Motions

More than one year after filing his § 2255 motion, Atchley filed a motion to expand the record with his affidavit and a motion to amend his § 2255 motion (Criminal Court File Nos. 173 & 174). Because Atchley's affidavit addresses some of the claims raised in his original § 2255 as well as, claims that were not raised in his original § 2255 motion, the motion to expand the record with his affidavit will be **GRANTED** (Criminal Court File No. 173). Turning to Atchley's motion

---

[1]      Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

to amend his § 2255 motion, the Court initially notes that although Atchley does not address the timeliness of his motion, he does claim his amended claims "are of constitutional import" therefore, justice requires that he be permitted to file this amendment (Criminal Court File No. 174).

Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides for the application of the Federal Rules of Civil Procedure when the Court deems it appropriate to dispose of motions filed under these rules. Initially, the Court notes the amendment, which is subject to the one year statute of limitations period applicable to a motion filed pursuant to 28 U.S.C. 2255, is untimely as it was filed beyond the one year statute of limitations. 28 U.S.C. § 2255(f)(1)(The limitation period runs from "the date on which the judgment of conviction becomes final"). The Supreme Court denied Atchley's petition for a writ of certiorari on his direct appeal on May 21, 2007 (Criminal Court File No. 149). Thus, he had one year to file a § 2255 motion and any amendments. Atchley's motion to amend, which was filed on or about May 12, 2009, was filed almost one year after the expiration of the one year statute of limitation for filing a § 2255 motion. Thus, the amendment is untimely (Court File No. 174).

Nevertheless, when a proposed claim in an amendment is barred by the statute of limitations, Federal Rule of Civil Procedure 15(c) provides for the relation back of amendments to the original pleading under certain limited circumstances.[2] If the amendment is filed more than one year after

---

[2]     Although the Rules Governing Section 2255 proceedings do not specify a procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion. *See Oleson v. United States*, 27 Fed.Appx. 566, 571 (6th Cir.2001), *available at* 2001 WL 1631828 (finding untimely amendment to § 2255 motion did not relate back under Rule 15(c)), *Rogers v. United States*, 180 F.3d 349, 352 n. 3 (1 st Cir.1999); *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.), *cert. denied*, 528 U.S. 866 (1999).

the conviction became final, then the claim in the amendment will generally be time-barred unless the amended claim meets the "relation back" criteria of Federal Rule of Civil Procedure 15(c). Specifically, in pertinent part, relation back is permitted when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading [.]" Fed.R.Civ.P.15(c)(1)(B).

In *Mayle v. Felix*, 545 U.S. 644 (2005) the Supreme Court rejected a broad reading of "conduct, transaction, or occurrence" when determining whether an amended habeas petition relates back to the original petition. The Supreme Court held that an amended petition does not relate back under Federal Rule of Civil Procedure 15(c) and thereby avoid the statute of limitations "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.'" *Id*. at 658 (citations omitted). Although the petition in *Mayle* involved a challenge to a state conviction under 28 U.S.C. § 2254, the Court finds the analysis also applies to post-conviction motions challenging federal convictions under 28 U.S .C. § 2255. *See Steverson v. Summers*, 258 F.3d 520, 523 n. 4 (6th Cir.2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254 ...").

Thus, if an "amendment [is] offered for the purpose of adding to or amplifying the facts already alleged in support of a particular claim," the amendment relates back to the date of the original petition. *United States v. Hicks*, 283 F.3d 380, 388 (D.C.Cir.2002) (applying Fed.R.Civ.P. 15(C) to motion to amend § 2255 motion). However, if a movant seeks to "introduce a new legal theory based on facts different from those underlying the timely claims," the amendment should not relate back and should therefore be time barred. *Id*.

As explained below, although Atchley's original and amended motions both raise claims of ineffective assistance of counsel, the theories of ineffective assistance raised in the amended motion are different theories of ineffective assistance and based on facts different from those underlying the timely ineffective assistance of counsel claims. Although Atchley has intertwined some of the arguments he made in his original § 2255 with new arguments, the claims raised in the amendment include new and different theories of ineffective assistance which do not relate back. As to those portions of some of the claims that were raised in his original § 2255, the claims are duplicative, as they are raised in his original § 2255 motion and analyzed below. Atchley is not entitled to supplement his § 2255 motion with the new ineffective assistance of counsel claims as they do not meet the "relation back" criteria in Rule 15(c) of the Federal Rules of Civil Procedure.[3] Accordingly, Atchley's motion to amend his § 2255 motion is **DENIED** (Criminal Court File No. 174).

## II.    Standard of Review

---

[3]     Although Atchley has not argued equitable tolling is applicable to his untimely motion to amend, the Court considered equitable tolling, and concludes, that even though the one-year statute of limitations in § 2255 is subject to equitable tolling under certain limited circumstances, *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), Atchley's case does not present such a situation. Generally, to be entitled to equitable tolling, a petitioner must demonstrate he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Atchley has not argued that equitable tolling is applicable in his case nor is there any credible factual evidence of some extraordinary circumstance that prevented him from timely filing an amended motion. Accordingly, equitable tolling does not save Atchley's amended motion from the statute of limitations bar.

A sentence in a criminal case must be vacated if the Court makes a finding "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,...." 28 U.S.C. § 2255. Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine after a review of the answer and the record whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. The Court finds it is not necessary to hold an evidentiary hearing at this time.

A motion filed pursuant to 28 U.S.C. § 2255 must consist of something more than legal conclusions unsupported by factual allegations. *United States v. Johnson*, 940 F.Supp. 167, 170 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Clemmons v. Sowders*, 34 F.3d 352 (6th Cir. 1994).

## III. Factual Background

On July 22, 2003, a grand jury in the Eastern District of Tennessee returned a two-count indictment charging Atchley with methamphetamine offenses. On October 28, 2003, the grand jury returned a five-count superseding indictment charging that on May 21, 2001, Atchley, aided and abetted by others, knowingly attempted to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count One); knowingly possessed equipment and chemicals that may be used to manufacture methamphetamine in violation of 21 U.S.C.

§ 843(a)(6) and 18 U.S.C. § 2 (Count Two); knowingly possessed a Rugar 9 mm handgun and a Smith and Wesson .40 caliber handgun in furtherance of the drug offenses charged on Counts One and Two, in violations of 18 U.S.C. § 924(c) (Count Three); knowingly possessed the Rugar handgun and the Smith and Wesson handgun as a convicted felon in violation of 18 U.S.C. § 922(g) (Counts Four and Five, respectively) (Criminal Court File No. 31).

The Court held an evidentiary hearing on Atchley's motion to suppress on November 14, 2003, and denied the motion by Memorandum and Order entered December 1, 2003 (Criminal Court File No. 46). The Court subsequently denied Atchley's motions to sever and to exclude evidence of a laboratory report on August 20, 2004 (Criminal Court File No. 104).

In the wake of the Supreme Court's June 2004 decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the United States filed a second superseding indictment charging the identical offenses as in the superseding indictment but adding "Sentencing Allegations" (Criminal Court File No. 91). On September 2, 2004, the United States filed Notice pursuant to 21 U.S.C. § 851 that, if convicted on the drug offense in Count One, Atchley's prior felony drug convictions would be relied upon to increase the statutory maximum sentence as provided in 21 U.S.C. § 841(b)(1)(C) (Criminal Court File No. 103).

Following a jury trial, Atchley was convicted on all charges and was sentenced in the United States District Court for the Eastern District of Tennessee at Chattanooga on December 6, 2004, to a total term of 322 months, i.e., 262 months as to Count One, 240 months as to Count Two, 60 months (the statutory mandatory minimum consecutive term) as to Count Three, and 120 months as to Counts Four and Five. Judgment was entered on December 13, 2004 (Criminal Court File No. 123).

On January 23, 2007, Atchley's convictions were affirmed on direct appeal and the Supreme Court denied a petition for a writ of certiorari. *United States v. Atchley*, 474 F.3d 840 (6th Cir.), *cert. denied,* 550 U.S. 965 (2007).

The following recitation of facts is taken from the court of appeal's opinion affirming Atchley's convictions:

On the afternoon of May 20, 2001, an unidentified person approached Sergeant Charles Brown of the Chattanooga police department and informed him that three or four people were manufacturing methamphetamine in room 139 of the Suburban Lodge, a nearby extended stay motel. The informant also provided a description of the suspects' vehicle. Brown sent four officers to investigate.

When the officers arrived at the motel, they observed two women and two men standing near a Chevrolet pickup truck matching the informant's description. The truck was parked about twenty feet from room 139. One of the officers, Officer Cobb, asked Atchley for identification. Atchley handed over his driver's license. When asked who had rented the room, Atchley responded that he had not, and that he and the others were merely trying to repair the truck. Meanwhile, another officer, Officer Engle, took Atchley's license to the motel's office, whereupon he was informed that Atchley was in fact registered to room 139. When confronted with the fact he lied, Atchley became nervous and non-responsive. Officer Cobb then decided to handcuff Atchley, though Cobb later testified that at the time, he did not consider Atchley to be under arrest, nor did he inform Atchley that he was under arrest. Rather, Cobb intended this as a safety precaution while Atchley was detained for further investigation.

When Atchley's left hand was cuffed, Atchley threw an elbow at Cobb and swung at him with his right hand. Using his free hand, Atchley attempted to grab the handgun of another officer at the scene, Officer Poteet. During this scuffle, one of the female suspects jumped on Officer Poteet's back, and the other female, who turned out to be Atchley's wife, escaped.[4] Officers used pepper spray to subdue Atchley and then placed handcuffs on both of his hands. At this point, due to his violent outburst, Atchley was placed under arrest.

---

[4]     At the suppression hearing, Officer Cobb testified that the other male also ran off but was subsequently apprehended.

Officers proceeded to conduct a protective sweep of room 139 in order to determine whether others remained inside. According to the officers, they looked through the open door of room 139 and observed in plain view a loaded handgun lying on the bed. Officer Engle stated that he smelled a chemical which he associated with methamphetamine manufacturing. When the officers entered, they observed in plain view two large glass jars appearing to contain a solvent, a large bottle of gas line anti-freeze, rubbing alcohol, and a police radio scanner.

The officers testified that based upon their observations, they were concerned that others in the motel were in danger due to the possibility of explosive gases and vapors that are often associated with methamphetamine manufacturing. Based on this alleged exigency, they briefly searched the room in order to determine the extent of the methamphetamine lab and whether it posed an imminent danger to others. The officers opened and looked inside the refrigerator, an ice chest, and what appeared to be an ammunition can. They discovered a glass beaker, rubber tubing, rock salt, and iodine crystals. They also found another loaded handgun inside a drawer.

After completing this search, the officers left the room and called Detective Randy Dunn. By the time Dunn arrived, Atchley was handcuffed and placed inside a police car. According to the district court's findings, Dunn took Atchley out of the car and asked for consent to search the motel room. Atchley was advised of his Miranda rights and gave Dunn written consent to search the room. Inside the room, Dunn found and seized items indicative of a methamphetamine laboratory, including chemicals that were in the process of being mixed.

*United States v. Atchley* 474 F.3d 840, 844 -845 6th Cir.2007).

## IV.     Analysis–Ineffective Assistance of Counsel Claims

### A.     *Applicable Law*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious.  The *Strickland* test requires that a defendant demonstrate two essential elements:  (1) counsel's performance was deficient, i.e., counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense, i.e., deprived the defendant of a fair trial rendering the outcome of the trial unreliable.  *Id*. at 687-88; *McQueen v. Scroggy*, 99 F.3d 1302, 1310-11 (6th Cir. 1996); *Sims v. Livesay*, 970 F.2d 1575,

1579-81 (6th Cir. 1992).

In order to demonstrate deficient performance, it must be shown that counsel's representation fell "below an objective standard of reasonableness" in light of the "prevailing professional norms." *Strickland*, 466 U.S. at 686-88.    In *Bobby v. Van Hook*, the Supreme Court reiterated that an objective standard of reasonableness is a general standard:

> No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Restatements of professional standards, we have recognized, can be useful as "guides" to what reasonableness entails, but only to the extent they describe the professional norms prevailing when the representation took place.

*Bobby v. Van Hook*, ___ U.S. ___, 130 S.Ct.13, 16 (2009) (quoting *Stickland v. Washington*, 466 U.S. at 688-89) (citations omitted).

To establish the prejudice prong, a petitioner must show that absent his attorney's errors, the result of his trial would have been different. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991).  As the Sixth Circuit explained in *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993): "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *See also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996) (internal punctuation and citations omitted).  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d at 84.

The Supreme Court has reiterated the standard of prejudice in *Wiggins v. Smith*, 539 U.S. 510 (2003):

> [T]o establish prejudice, a "defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id*. at 534 (quoting *Strickland v. Washington*, 466 U.S. at 694).

When applying these standards, the Court is cognizant of the fact that there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. "Reviewing courts focus on whether counsel's errors have undermined the reliability of and confidence that the trial was fair and just." *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997) (citing *Strickland*, 466 U.S. at 687; *United States v. Cronic*, 466 U.S. 648, 658, (1984), *cert. denied*, 523 U.S. 1088 (1998); *McQueen [v. Scroggy]*, 99 F.3d [1302,] 1310-11 [6th Cir. 1996]). A reviewing court cannot indulge in hindsight but must instead evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 690; *McQueen*, 99 F.3d at 1311. Trial counsel's tactical decisions are particularly difficult to attack. *McQueen*, 99 F.3d at 1311; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen*, 99 F.3d at 1311; *O'Hara*, 24 F.3d at 828. "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998) (quoting *Strickland*, 466 U.S. at 690). A court must make an independent judicial evaluation of counsel's performance and determine whether counsel acted reasonably under all the circumstances. *McQueen*, 99 F.3d at 1311; *O'Hara*, 24 F.3d at 828; *Ward v. United States*, 995 F.2d 1317, 1321-22 (6th Cir. 1993); *Sims v. Livesay*, 970 F.2d 1575, 1580-81 (6th Cir. 1992).

**B.      Ineffective Assistance of Counsel Claims**

Atchley raise five instances of ineffective assistance of counsel: (1) counsel performed deficiently by allowing the government to proceed on the theory that the search was a protective sweep; (2) counsel failed to argue the stop in the parking lot was illegal; (3) counsel failed to argue against the flight instruction and other bad acts; (4) counsel failed to have Lora Rabon's testimony stricken; and (5) counsel abandoned him during sentencing. The Court will address each alleged instance of ineffective assistance of counsel separately.

*1.      Protective Sweep Theory of Search*

Atchley claims he received ineffective assistance of counsel because his trial counsel failed to argue against the prosecution justifying the search of the hotel room based on a "protective sweep" theory when, according to the police reports, the officer relied upon the search being incident to the arrest.

The legality of searches and seizures under the Fourth Amendment does not depend on the subjective motivations of law enforcement, but rather, depends on whether there was an objectively reasonable basis for the search. *Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). Thus, the question here is not why the officers conducted the protective sweet of the hotel room, but whether the totality of the circumstances established a reasonable basis for them to do so. This question was resolved by this Court during the hearing on Atchley's motion to suppress and by the Sixth Circuit during his direct appeal. Thus, absent exceptional circumstances, or an intervening change in the case law, Atchley may not use his § 2255 motion to relitigate this issue. *See Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996).

"A protective sweep is a quick and limited search of premises' . . ." which may be conducted "incident to an arrest and for the purpose of protecting the safety of the police or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). In denying Atchley's motion to suppress, the Court concluded the officers had reasonable suspicion that criminal activity was afoot based upon the informant's tip and Atchley's subsequent lie to the officers. Based on Atchley's subsequent violent behavior and the open door to room 139 revealing a handgun on the bed in plain view, the Court concluded the officers lawfully conducted a protective sweep of the hotel room. Thus, the search in this case, which was conducted for the purpose of protecting the safety of the police and possibly others was constitutional.

In addition, the Sixth Circuit concluded the protective sweep was justified. *United States v. Atchley* 474 F.3d 840, 844 -845 6th Cir.2007). "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009) (internal punctuation and citation omitted). "The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. The doctrine is based on the premise that an appellate decision is binding in all subsequent proceedings in the same case unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Id.* Thus, the Sixth Circuit's conclusion that the protective sweep was justified, is the law of the case and necessarily implies that counsel's failure to challenge the government's protective sweep theory was not deficient. To grant Atchley relief on this claim, the Court would have to conclude the protective sweep was not justified which would be directly contrary to the

Sixth Circuit's decision.

Consequently, because the protective sweep was legal, counsel was not ineffective for failing to raise a meritless argument and Atchley suffered no prejudice. Accordingly, Atchley's claim that counsel was ineffective for failing to oppose the government's position that the search was legal as a protective sweep offers him no relief and will be **DENIED**.

2.     *Failure to Argue Anonymous Tip was Insufficient to Warrant a Stop*

Atchley claims counsel was ineffective for failing to argue the evidence should have been suppressed because the anonymous tip was insufficient to warrant the stop in the parking lot. According to Atchley, the tipster could not have supplied sufficient reliable information. Atchley is mistaken as his attorney made this argument in this Court and on appeal.

As reflected in the transcript and the Court's Memorandum and Order denying the motion to suppress, on May 20, 2001, an unidentified person approached Sergeant Charles Brown of the City of Chattanooga police department and informed him that three or four people were making methamphetamine in room 139 at the Suburban Inn, a motel in Chattanooga, Tennessee. The person described the motor vehicle the suspects were driving and the Sergeant sent some officers to investigate the situation. The officers went to the location to investigate the information they received (Criminal Court File Nos. 46, 52).

The Court is bound by the Sixth Circuit's resolution of this claim, as it is the law of the case. On direct appeal, counsel argued the tip received by police was insufficient to provide reasonable suspicion required for a *Terry* stop. The Sixth Circuit agreed with defense counsel's position that when the police arrived at the motel, their observation of four individuals standing around the type of vehicle the tip described near room 139 was insufficient to justify a *Terry* stop because the tip was

not corroborated by any predictive information upon which the officers could form reasonable suspicion. The Sixth Circuit, however, concluded that nothing in the Fourth Amendment prevented the officers from asking for identification or questioning the individuals. Furthermore, based on the totality of the circumstances, i.e., that after Atchley provided his identification and officers discovered he lied when he said he was not renting the room, along with his demeanor and the informant's tip, the officers' possessed reasonable suspicion of criminal activity and were permitted to briefly detain and question him further. The Sixth Circuit further concluded that the handcuffing of Atchley as a safety precaution was justified and appropriate for detaining him and did not exceed the bounds of a *Terry* stop.

Therefore, as previously explained, under the law of the case doctrine, the Court is precluded from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. Thus, the Sixth Circuit's conclusion that the parking lot encounter was legal, is the law of the case and to grant Atchley relief on this claim, the Court would have to conclude the initial encounter was not legal which would be directly contrary to the Sixth Circuit's decision.

Consequently, because the initial encounter was legal, Atchley suffered no prejudice. Accordingly, Atchley's claim that his initial counter with law enforcement was unconstitutional and counsel failed to make a proper argument offers him no relief and will be **DENIED**.

3.    *Bad Acts, Flight Instruction, and Jurisdiction Claims*

In his § 2255 motion, Atchley claims counsel failed to properly argue against introduction of other bad acts and the trial count's flight instruction. In his supporting memorandum he does not identify or explain his claim as to other bad acts but instead claims the flight instruction was unconstitutional because at the time the federal indictment was issued, he could not have know about

14

it, thus his flight was in relation to his state indictment not his federal indictment. In addition, he contends that because he was charged with attempt to manufacture methamphetamine there was not a sufficient nexus to commerce to qualify as a federal offense, thus the Court lacked subject matter jurisdiction over his case. The Court will address these claims individually below.

### a.       Other Bad Acts

To the extent Atchley attempts to raise a claim of ineffective assistance of counsel in relation to other bad acts, he has failed to do so. Contrary to the express directions of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, Atchley's claim that counsel failed to properly argue against other bad acts being introduced at trial, he has failed to properly raise a claim. Atchley does not provide any factual support for this assertion, thus the Court is unable to identify the "other bad acts" to which counsel purportedly should have objected. Consequently, Atchley has failed to set forth a legally sufficient claim for relief because he has omitted the factual support for this claim. This claim does not contain sufficient facts to constitute a viable claim for relief in this federal post-conviction proceeding.

Accordingly, Atchley's claim of ineffective assistance of counsel for failure object to other bad acts, which is facially insufficient to state a claim for relief, will be summarily **DENIED** for failure to comply with Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Sloan v. United States*, 2006 WL 686875 (E.D. Tenn. March 16, 2006); *United States v. Vega*, 2006 WL 1699530 (W.D. Tenn. June 15, 2006); and *United States v. Butt*, 731 F.2d 75, 77 (1st Cir. 1984).

### b.       Flight Evidence and Instruction

As to Atchley's claim that counsel failed to properly argue against the flight instruction at trial, the Court observes that on direct appeal counsel raised the issue that the District Court erred in admitting and instructing the jury on evidence of flight. The Sixth Circuit observed that at the pretrial conference the District Court stated it was inclined to admit the flight evidence but would wait until it heard the proof at trial. At trial, there was no objection to the admission of the evidence or the District Court's jury instruction. Because no objection was made during trial, the Sixth Circuit reviewed the issue for plain error and concluded that even if the evidence was admitted in error, "we hold that given the overwhelming evidence against him, and the district court's instruction that evidence of flight is not dispositive of guilt. Its admission did not affect Atchley's substantial rights. Therefore, a new trial is not warranted." *United States v. Atchley*, 474 F.3d at 854.

As previously stated, the Sixth Circuit's resolution of this claim is the law of the case. Therefore, even if counsel was ineffective for failing to challenge the flight evidence and instruction, Atchley did not suffer any prejudice, thus, he is unable to demonstrate counsel rendered ineffective assistance of counsel in this regard.

### c.     Jurisdictional Claim

Relying upon *United States v. Lopez*, 514 U.S. 549 (1995), Atchley asserts that Congress is without authority to criminalize an attempt to manufacture methamphetamine because the offense lacks a sufficient interstate nexus. Petitioner suggest the attempt to manufacture methamphetamine involves the possession of lawful products and does not yet involve a controlled substance, and therefore, fails to satisfy the federal jurisdictional nexus for affecting interstate commerce (Criminal Court File No. 153).

In *Lopez* the Court concluded the Gun-Free School Zones Act, making it a federal offense for any individual knowingly to possess a firearm at a place the individual knows or has reasonable cause to believe is a school zone, exceeded Congress' commerce clause authority because possession of a gun in a school zone was not an economic activity that substantially affected interstate commerce. This case offers Atchley no relief as Atchley's methamphetamine related convictions are based on statutory sections within the Controlled Substances Act, *see* 21 U.S.C. § § 841(a)(1) and (b)(1)(C), 843 (a)(6), and "the Controlled Substances Act is a valid exercise of Congressional power under the commerce clause." *United States v. Davis*, 288 F.3d 359, 362 (8th Cir. 2002).

In *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir. 1996), the Sixth Circuit held that "drug trafficking is an 'economic enterprise' that substantially affects interstate commerce in numerous clear ways," and therefore may be regulated by Congress. *Id.* at 1141. In addressing Tucker's *Lopez* argument, the Sixth Circuit explained that "drug trafficking . . . always implicates interstate commercial concerns." *Id.* at 2240-41. Finally, the *Tucker* Court observed that drug trafficking is an activity that the federal government clearly may regulate. *Id.* To convict a person of attempt to commit a drug offense, the government must establish two essential elements i.e., (1) the intent to engage in the proscribed criminal activity; and (2) the commission of an overt act which constitutes a substantial step towards commission of the proscribed criminal activity. *See United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir. 1989). The proof that items discovered in Atchley's hotel room could be used to manufacture methamphetamine is uncontroverted, as was testimony of his intent to make methamphetamine. Moreover, the red phosphorous tested positive for the presence of methamphetamine. Consequently, the drug activity in which Atchley engaged was a

federal offense and there was sufficient proof from which the jury could convict him.

In summary, Congress may regulate both the attempt to manufacture and the actual manufacturing of drugs under its commerce clause powers because of the effect that the drug activity has upon interstate commerce. *See generally, United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) ("[I]ntrastate drug activity affects interstate commerce and . . . Congress may regulate both intrastate and interstate drug trafficking under the Commerce Clause."). Moreover, the Sixth Circuit has concluded Title 21 U.S.C. § § 841 and 843(a)(6) are a valid exercise of Congress's Commerce Clause. *United States v. Argo*, 23 Fed. Appx. 302, 306 (6th Cir. 2001). Accordingly, there was proper jurisdiction and Atchley's lack-of-jurisdiction claim will be **DENIED**.

### 4. *Testimony of Lora Rabun*

Atchley claims Lora Rabun's testimony should have been stricken from the record and counsel was deficient for failing to so move (Criminal Court File No. 152). According to Atchley, Ms. Rabun's testimony was false and there was no proof other than her testimony and "guest list" connecting him to room 139. Atchley claims that because he was in custody on May 21, 2001, the evidence that he changed to room 302 on that date was false.

Officer Engle testified that on May 20, 2001, he obtained the hotel guest list from the security guard, and it reflected that Atchley had rented room 139 (Criminal Court File No. 139, pp. 10-11). Ms. Rabun testified Atchley rented Room 139 on May 12 and that her records reflected he moved to room 302 on May 21, 2001. On cross-examination she explained that the facility is an extended stay and most people check in for a week at a time; they pay in advance for the week; and renew when the next payment is due. In addition, she explained that although they had some rooms that are available for one night, room 139 was not (Criminal Court File No. 139, p. 46).

As the government points out, Ms. Rabun did not testify that Atchley personally appeared on May 21, 2001, and moved from room 130 to room 302. Rather, she testified she did not personally know Atchley. Ms. Rabun was there as the custodian of the motel's records and the records reflected Atchley rented room 139 from May 12, 2001, up to and including May 20, 2001, the date of his arrest. The evidence introduced at trial demonstrating that room 139 was rented to him on May 20, 2001, is unrefuted. The evidence reflected Atchley rented the room on May 12, 2001, and renewed the rental on May 18, 2001.

The government suggests that because the DEA Task Force came to the scene to dismantle the methamphetamine lab in room 139, it meant that room could no longer be occupied by Atchley or any other guest. Thus, suggests the government, Atchley, who apparently had paid for a week's rental on May 18, 2001, had to be reassigned to another room by a motel employee. The government maintains the most plausible explanation for the entry on the receipt is that an employee simply reassigned Atchley another room based upon his prior payment for an extended stay, and the change was accomplished in his absence.

Regardless of the evidence concerning May 21, 2001, and the rental of room 302, this claim offers Atchley no relief as anything that occurred on May 21, 2001, in relation to him has no legal effect on this case, as the only concern is whether he was connected to room 139 on May 20, 2001, the date on which he was arrested and on which he is charged with committing these crimes. The unrefuted evidence reflects he was renting room 139 on May 20, 2001, at the time of his arrest. What occurred subsequent to his arrest in relation to renting a room in the facility has no effect on this case and offers him no relief. Therefore, counsel was not deficient for failing to move to strike Ms. Rabun's testimony. Accordingly, because counsel was not deficient for failing to move to strike

the testimony of Ms. Rabun and Atchley suffered no prejudice, this claim will be **DENIED**.

*5.     Abandonment by Counsel at Sentencing*

Finally, Atchley claims his counsel abandoned him during his sentencing proceeding when he failed to prepare to argue sentencing issues.  Atchley specifically claims counsel was deficient for failing to demonstrate he was improperly classified as a career offender because his two Georgia controlled substance offenses count as one, and his Alabama controlled substance conviction is not a felony under federal law.  Atchley also contests the validity of the § 851 Notice that increased the statutory maximum on Count One.

Initially, the Court notes, contrary to Atchley's claim, not only did counsel file numerous objections to the presentence report (at least 24), counsel, along with Atchley, made these arguments, as well as others, during the sentencing hearing (Criminal Court File No. 140, pp 2-32). Also, Atchley's first degree possession of marijuana conviction from Jackson County, Alabama is a Class C felony under Alabama law which carries a sentence of not more than ten years or less than one year and one day.  *See* Alabama Code §§ 13A-12-213(b), 13A-5-6(3).

Turning to his two Georgia controlled substance offenses, the Court initially observes that Atchley is under the mistaken impression that, because he was sentenced to the two Dade County predicate drug offenses used to determine he was a career offender at the same time, they must be treated as a single offense.  Under the Sentencing Guidelines in effect at the time of Atchley's sentencing, a defendant qualified as a career offender if he was at least 18 years old at the time he committed the offense of conviction; the instant offense of conviction was either a felony crime of violence or felony controlled substance offense; and he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a) (2004).  The

application notes to this section directs that "'two prior felony convictions' are defined in § 4B1.2." U.S.S.G. § 4B1.1, application n. 1. Section 4B1.2(a)(2) explains that "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a)(b), and (c)." U.S.S.G. § 4A1.2. Application Note 3 of that section explains that prior sentences are not considered related if they were for offenses separated by an intervening arrest. The application note explains that "prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, n. 3.

Although there is nothing in the record revealing that the two separate Dade County charges were separated by an intervening arrest, there is also nothing in the record to support a finding that they are related. This is so because there is no evidence the two Georgia charges occurred on the same occasion–the evidence reveals they occurred on two separate dates; there is no evidence they were part of a single common scheme or plan; and there is no evidence they were consolidated for trial or sentencing. Although Atchley was sentenced on the same day for both convictions, that fact alone does not mean that the offenses were consolidated for sentencing or otherwise should be considered a single sentence. *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir.), *cert. denied*, 513 U.S. 939 (1994) (seven sentences imposed by state judge on same date were determined not to be consolidated because the sentences were separate, each bore an individual indictment number, each sentence was recorded as a separate judgment, and there was no order of consolidation).

In *United States v. Carter,* 283 F.3d 755 (6th Cir.), *cert. denied*, 537 U.S. 874 (2002), the defendant was classified as a career criminal based upon three prior controlled substance convictions

that arose from three separate state indictments involving three different sales of cocaine. Carter was sentenced in each case on the same day by the same judge and the three sentences were ordered to run concurrently, but the cases were never consolidated by the state trial court. The Sixth Circuit concluded that "[t]he fact that the judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated." *Id*. at 758.

Like the *McAdams* and *Carter* cases, although Atchley was sentenced on two of his predicate felonies on the same day, each case bore an individual case number, the sentence in each case was recorded on a separate judgment, and there is no order of consolidation (Court File No. 153). For these reasons, Atchley's trial attorney did not render ineffective assistance of counsel during sentencing, as he qualifies as a career offender and relief on this claim will be **DENIED.**[5]

Finally, Atchley's challenge to the timeliness of the § 851 Notice lacks merit. The record reveals the Notice of Intent to use Prior Convictions was filed on September 2, 2004, and entered on the Court's CM/ECF docket sheet on September 7, 2004, the day trial began (Court File No. 103). Although Atchley's attorney stated he received the notice on the day of trial (Criminal Court File No. 103, p. 15), the transcript from the Final Pretrial Conference, which was held on September 2, 2004, reflects that the prosecutor stated: "Judge, I would note for the record I've given the

---

[5]      To the extent Atchley is relying on a 2007 amendment to U.S.S.G. § 4A1.2(a)(2) which instructs that, if there is no intervening arrest, prior sentences are to be counted separately unless the sentences resulted from offenses contained in the same charging instrument or the sentences were imposed on the same day, he is not entitled to relief. A defendant's sentence may be modified based upon a amendment to the Guidelines only where the amendment is listed in U.S.S.G. § 1B1.10(c) as having retroactive effect. *See United States v. Smith*, 88 Fed. Appx. 71 (6th Cir.), *cert. denied*, 541 U.S. 1082 (2004). The Sentencing Commission has not made this amendment retroactive. *United States v. Horn*, 612 F.3d 524 (6th Cir. 2010) (noting the Commission has not designated Amendment 709 (altered the way in which prior crimes are determined to be treated and single or separate offenses) for retroactive application).

defendant a notice of intent to use prior convictions under 21 U.S.C. Section 851." (Criminal Court File No. 143, p. 31). Accordingly, Atchley will be **DENIED** relief on his claim that he did not timely receive the § 851 Notice.

In sum, Atchley has not shown that his attorney's performance was deficient nor has he demonstrated he suffered any prejudice. Accordingly, Atchley's claim that counsel rendered ineffective assistance during his sentencing proceeding will be **DENIED**.

## V.  Conclusion

Atchley has failed to present any facts which establish his sentence is subject to collateral attack under 28 U.S.C. § 2255. Atchley is not entitled to any relief under § 2255 and a judgment will enter **DENYING** his motion.

        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE